FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 FEB 21 AM 10:14

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TITO HATCHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 111-190 |
| | ) | (Formerly CR 110-251) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate confined to federal custody at F.C.I. Edgefield in Edgefield, South Carolina, filed with this Court a "Motion for Re-Sentence Instanter." (Doc. no. 1.) In an Order issued on December 1, 2011, the Court noted that the filing attacked the validity of Petitioner's federal sentence such that it might be recharacterized as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. no. 2.) Consistent with the requirements of Castro v. United States, 540 U.S. 375, 377 (2003), the Court informed Petitioner of its intent to recharacterize his filing as a § 2255 motion, warned him that the recharacterization would subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provided him with an opportunity to contest the recharacterization, to withdraw the filing, or to amend the filing by asserting any additional claims. (See id.) In his response to the December 1st Order, Petitioner clarified that he

wanted the Court to construe his previous filing as a § 2255 motion.[1] (Doc. no. 3.) Therefore, having satisfied the Castro requirements, it is proper to construe Petitioner's initial filing as a § 2255 motion. Accordingly, the Court will proceed to conduct an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

## I.    BACKGROUND

A federal grand jury indicted Petitioner for conspiring to distribute and to possess with intent to distribute various controlled substances, in violation of 21 U.S.C. §§ 841(a) & 846, and possessing with intent to distribute 8.28 grams of cocaine base, in violation of 21 U.S.C. § 841(a). See United States v. Hatcher, CR 110-251, doc. no. 4 (S.D. Ga. Sept. 15, 2010) (hereinafter "CR 110-251").[2] Petitioner pled not guilty to the charges against him, and a jury found him not guilty on the conspiracy charge; as to the possession charge, the jury found Petitioner guilty of the lesser included offense of possessing cocaine base

---

[1]While Petitioner unequivocally expressed that he wanted the Court to construe his previous filing as a § 2255 motion, he also stated, "as pertaining to this letter [i.e., his response to the Court's December 1, 2011 Order] Petitioner is also asking for relief [under 18 U.S.C. § 3582]." (Doc. no. 3.) However, because the Court's analysis in the instant Order is controlled by the procedural rules applicable to § 2255 motions, the Court will not address separate sentencing claims in Petitioner's criminal case as part of these § 2255 proceedings. Therefore, Petitioner may re-urge any sentencing challenge not arising under § 2255 by separate motion in his criminal case, including a motion under 18 U.S.C. § 3582. The Court encourages Petitioner to consider its analysis of his claims in the instant motion prior to filing any additional motions.

[2]All told, the indictment set forth 56 counts against a total of 23 Defendants. See CR 110-251, doc. no. 4.

weighing less than five grams. <u>Id.</u>, doc. nos. 639, 739. On September 8, 2011, the Honorable J. Randal Hall, United States District Judge, sentenced Petitioner to a 10-month term of imprisonment, as well as one year of supervised release and a $2500.00 fine. <u>Id.</u>, doc. no. 739. Petitioner did not file a direct appeal.

The instant motion was filed on November 18, 2011. Therein, Petitioner argues that his sentence is improper because it does not comport with the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, and because it included an improper § 851 enhancement based on a prior offense. (Doc. no. 1.)

## II.  DISCUSSION

Rule 4 of the Rules Governing Section 2255 Proceedings provides that a § 2255 motion must be dismissed "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Here, dismissal is warranted under the Rule 4 standard.

Initially, Petitioner's claims are procedurally defaulted. "Under the procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'" <u>McKay v. United States</u>, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting <u>Lynn v. United States</u>, 365 F.3d 1225 (11th Cir. 2004)); <u>see also</u> <u>United States v. Montano</u>, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (<i>per curiam</i>) ("Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge."). "A ground of error is usually 'available' on direct appeal

when its merits can be reviewed without further factual development." Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994).

In other words, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn, 365 F.3d at 1232 (11th Cir. 2004). A procedural bar or default cannot be overcome unless the § 2255 movant "can demonstrate a cause for this default and show actual prejudice suffered as a result of the alleged error." Montano, 398 F.3d at 1280. "In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he could [sic] show a fundamental miscarriage of justice; 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'" Id. (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Here, Petitioner failed to challenge his conviction or sentence on direct appeal. Both of Petitioner's claims were "available" for direct appeal under the applicable standard because their merits could be reviewed at that time without further factual development.[3] See Mills, 36 F.3d at 1055. Furthermore, Petitioner has not provided any explanation to overcome the procedural bar, and the actual innocence exception is inapplicable to claims, such as Petitioner's, that raise legal challenges based on alleged errors at sentencing. See McKay, 657 F.3d at 1200; Goodloe v. United States, 2011 U.S. App. LEXIS 24739, 3-4 (11th Cir. Dec. 13, 2011) (per curiam) ("[T]he actual innocence exception requires factual

---

[3]Notably, the FSA – which is the basis for Petitioner's first claim – went into effect well before Petitioner was sentenced. See United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010) (per curiam) (noting that the FSA was signed into law on August 3, 2010). There is likewise nothing to suggest that his second claim regarding the purported enhancement of his sentence based on a prior offense required any further factual development.

innocence, not mere legal innocence, and enhanced sentencing is a matter of legal, not factual, innocence."). Because Petitioner's claims are procedurally defaulted, the instant motion should be dismissed.

Moreover, the instant motion would be subject to dismissal for lack of merit even if his claims were not procedurally defaulted. As noted previously, his first claim concerns the FSA, which amended the portions of § 841(b) providing penalties for possession of cocaine base by increasing the amounts necessary for the imposition of the mandatory minimum terms of imprisonment. See Pub. L. No. 111-220, § 2(a)(1) - (2); Gomes, 621 F.3d at 1346. Because Petitioner was found guilty of possessing cocaine base weighing less than five grams, the amount was not sufficient to trigger any mandatory minimum term of incarceration. See 21 U.S.C. §§ 841(b)(1)(A) - (B). Consistent with his conviction and the provisions of § 841(b) – including those modified by the FSA – Petitioner was sentenced to a 10-month term of imprisonment, whereas the lowest of the § 841(b) mandatory minimums based on substance quantity is five years.[4] See id. § 841(b)(1)(B).

In Petitioner's second claim, he asserts that his sentence included an improper § 851 enhancement based on a prior offense. (Doc. no. 1, p. 1.) However, the record shows that Petitioner's sentence did not include such an enhancement. The government notified Petitioner of its intent to seek an enhancement based on the charges against him in the indictment, in combination with his prior drug conviction in the Superior Court of Hancock

---

[4]Under the pre-FSA version of § 841(b), the amount of cocaine base needed to trigger the five-year mandatory minimum was five grams. See Pub. L. No. 111-220, § 2(a)(2). Because Petitioner was convicted of possessing cocaine base weighing less than five grams, he would not have been subjected to any mandatory minimum term of imprisonment even if he had been sentenced prior to the FSA taking effect.

County, Georgia. See CR 110-251, doc. no. 577. However, because Petitioner was only found guilty of possessing cocaine base weighing less than five grams – a lesser included offense of one of the charges in the indictment – he was not subject to an enhanced sentence based on his prior offense. If he had been, instead of a 10-month term of imprisonment, he would have received a mandatory minimum term of at least 10 years. See 21 U.S.C. § 841(b)(1)(B). Moreover, the case that Petitioner cites in support of his second claim, United States v. Shannon, is totally inapposite, as it addressed the issue of whether a prior conviction under Florida law constituted a "controlled substance offense" for purposes of the career offender sentencing enhancement. See 631 F.3d 1187, 1188-90 (11th Cir. 2011).

In sum, Petitioner's claims are procedurally defaulted and lack merit. Accordingly, the instant motion, which has been recharacterized as a § 2255 motion in accordance with the requirements of Castro, should be dismissed.

## III. CONCLUSION

Based on an initial review of the instant motion, as required by Rule 4 of the Rules Governing § 2255 Cases, the Court concludes that Petitioner is not entitled to relief. The Court therefore **REPORTS** and **RECOMMENDS** that the instant motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of February, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

6