IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TITO HATCHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 111-190 |
| | ) | (Formerly CR 110-251) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation, to which no objections have been filed.[1] Accordingly,

the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of

the Court. Therefore, the instant motion to vacate, set aside, or correct Petitioner's sentence

is **DISMISSED**.[2]

Further, a federal prisoner must obtain a certificate of appealability ("COA") before

appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules

---

[1]Petitioner requested an extension of time in which to file objections, and the Magistrate Judge granted his request in part, extending the objection deadline to April 9, 2012. (Doc. nos. 6, 7.) However, Petitioner failed to file objections by the extended deadline.

[2]The instant motion is styled as a "Motion for Re-Sentence Instanter." (Doc. no. 1.) In accordance with the requirements of Castro v. United States, 540 U.S. 375, 377 (2003), the motion was recharacterized as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct Petitioner's sentence. (See doc. nos. 2-4.)

Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in <u>Slack v. McDaniel</u>, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[3] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. <u>See</u> 28 U.S.C. § 1915(a)(3).

Upon the foregoing, this civil action is **CLOSED**.

SO ORDERED this 23rd day of April, 2012, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3]"If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.